UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 441 PRODUCTIONS, INC., et al., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | |
| -vs- | Civil Action No. 06-2357 (JAG) |
| TONY DEROSA-GRUND, et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

Presently before this Court is Plaintiffs' application that the Report and Recommendation previously entered in this case on January 22, 2007 (Docket #15) be reinstated against defendant DeRosa-Grund for failure to comply with discovery as set forth in the Second Amended Scheduling Order filed on August 10, 2007 (Docket #33). For the reasons set forth below, it is respectfully recommended that this Court's prior Report and Recommendation be reinstated and that defendant DeRosa-Grund's Answer be stricken and default be entered against defendants DeRosa-Grund, Projo Poker Tournament Series, LLC ("Projo") and Multimodal Media Group/Meridian Pictures ("MMG").

## BACKGROUND

On May 24, 2006, Plaintiffs filed a complaint against Defendants alleging breach of contract,

1

fraudulent misrepresentation, and unjust enrichment stemming from an alleged written agreement between the parties. On July 20, 2006, Defendant DeRosa-Grund filed an Answer "for defendants." (Docket Entry #7). On July 21, the Clerk entered Default. By letter order dated August 17, 2006, this Court vacated default. (Docket Entry # 8). The Court, however, advised Mr. DeRosa-Grund that he could only represent himself and that corporate entities must be represented by counsel. The Court ordered Projo and MMG to have counsel file an appearance by September 15, 2006. The Order provided that if the defendants failed to do so, this Court would ask the district court to strike their answer and enter default against them. To date, no counsel has made an appearance on behalf of defendants Projo and MMG.

The Court scheduled an initial conference for December 1, 2006. Mr. DeRosa failed to appear or contact this Court. In response, on December 6, 2006, this Court issued an Order to Show Cause and scheduled a hearing for January 11, 2007. (Docket Entry # 14). The Order provided that all written submissions were to be submitted by January 4, 2007. Defendant DeRosa-Grund failed to file a written submission or appear for the hearing. Accordingly, on January 22, 2007, the Court filed a Report and Recommendation recommending that default be entered against defendants. (Docket Entry #15).

On February 3, 2007, DeRosa-Grund filed an objection to the entry of default against him. In that objection, he vaguely states that he "mistakenly thought the dates set by the Court were for the following week...." (Docket #17). However, he offers no explanation as to why he did not otherwise appear for the December 1, 2006 conference or the fact the Court adjourned the conference previously to accommodate a personal emergency of Mr. DeRosa-Grund. (Docket #12) Plaintiff's counsel opposed defendant DeRosa-Grund's objection to the Report and Recommendation on the

grounds that defendant DeRosa-Grund did not address any of the Poulis factors set forth in the initial Report and Recommendation.

Although Mr. DeRosa-Grund did not address any of the factors set forth in the Report and Recommendation, the Court nonetheless scheduled a hearing for May 15, 2007.  (Docket #21)

At the May 15, 2007 hearing, the Court gave Mr. DeRosa-Grund "one last chance."  The Court entered two discovery Orders.  Among other things, the Orders specifically provided that the plaintiff shall provide Rule 26 disclosures and appear for deposition on August 7, 2007, a date agreed to by the parties.  (Docket #23)  In addition, pursuant to F.R.C.P. 16(g), the Court ordered that Mr. DeRosa-Grund pay counsel fees in the amount of $278 in connection with his failure to appear at the rescheduled December 6, 2006 conference.  (Docket #26)

By letter dated June 20, 2007, plaintiff's counsel advised that Mr. DeRosa-Grund had failed to comply with the Court's Orders.  (Docket #27)  Specifically, Mr. DeRosa-Grund failed to pay the $278 for counsel fees.   In addition, he failed to  provide his Rule 26 disclosures.   There was no response to plaintiff's counsel's letter.

Accordingly, on July 13, 2007 this Court entered an Order To Show Cause why the first Report and Recommendation should not be reinstated and default be entered against him for failure to comply with the Court's Orders directing payment of counsel fees and for failure to provide discovery.  The parties were directed to appear before the undersigned on August 7, 2007 at 10:00 a.m.

Both Mr. DeRosa-Grund and plaintiff's counsel appeared for the Order To Show Cause hearing on August 7, 2007.  At the hearing, Mr. DeRosa-Grund had still not paid counsel fees or provided Rule 26 disclosures or any written discovery as per the Court's prior Orders.  Thus, the

3

Court imposed sanctions. First the Court ruled that it would not vacate the Report and Recommendation until the counsel fees were paid. The Court also barred defendant from relying on any documents produced in response to plaintiff's request in his own defense and barred him from propounding written discovery on plaintiff. In addition, plaintiff was required to provide Answers to Interrogatories, Responses to Document Requests and Rule 26 disclosures by August 14, 2007. Further, he was required to appear for his deposition on August 28, 2007. Finally, the Order provided "defendant DeRosa-Grund's failure to comply with any provision of the foregoing Scheduling Order shall be considered an abandonment of his defense and the Report and Recommendation for default and default judgment shall be immediately reinstated against defendant DeRosa-Grund on certification of plaintiff's counsel as to noncompliance with this Scheduling Order."

On August 28, 2007, Mr. DeRosa-Grund filed a letter with the Court. He advised that he would not appear for his deposition or otherwise proceed with discovery because of the sanctions imposed against him. (Docket #35)

On August 29, 2007, plaintiff's counsel filed a Certification of Counsel as to noncompliance with the Second Amended Scheduling Order. (Docket #36) The Certification provides that not only did Mr. DeRosa-Grund inadequately respond to interrogatories and requests for documents, he refused to appear for his deposition on August 28, 2007.

As a result, plaintiff's counsel requested that the initial Report and Recommendation (Docket #15) be reinstated against him.

**DISCUSSION**

The defendant's failure to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense. Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper[1] against the individual defendant Mr. DeRosa-Grund. The Court first considers the extent of Mr. DeRosa-Grund's personal responsibility. Where a defendant is pro se, it is that party's sole responsibility to comply with Court Orders. Defendant DeRosa-Grund's repeated failure to appear at court-ordered conferences, provide discovery or appear for depositions, demonstrates that he is personally responsible for the abandonment of his defense..

Second, defendant's failure to appear and participate meaningfully in the case has prejudiced plaintiffs. Defendant's failure to comply with discovery orders and refusal to appear for depositions with this Court make it impossible for the case to proceed.

Third, there is a history of non-compliance here. Mr. DeRosa-Grund has failed to meaningfully participate in discovery for well over six months. He has been given numerous opportunities to do so. Despite his multiple appearances before the Court, he has failed to obey

---

[1] The corporate defendants failed to retain counsel as ordered by this Court. On that basis alone, default is appropriate. Simbraw v. U.S., 367 F. 2d 373, 374 (3d Cir. 1966).

discovery Orders. This demonstrates a lack of desire to defend against these claims.

Fourth, based on the totality of circumstances here, I am satisfied that defendant DeRosa-Grund has made a willful decision not to defend against this civil action as demonstrated by his pattern of non-compliance and his August 28, 2007 letter to the Court.

Fifth, alternative sanctions would not be appropriate. Defendant has demonstrated an apparent lack of desire to defend against this civil action. The Court has imposed a monetary sanction and preclusion Order. Both have proven to be meaningless and ineffective.

Not all of the Poulis factors need be satisfied. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Yet, in this case, all of the factors weigh in favor of default. Here, the defendant DeRosa-Grund willfully ignored Orders of this Court. He has refused to participate in discovery. He has blown his "one last chance." Default is therefore appropriate.

## CONCLUSION

For the reasons set forth above, I recommend that defendant DeRosa-Grund's answer be stricken and default be entered against defendants DeRosa-Grund, Projo, and MMG.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated:       November 16, 2007
Original:    Clerk
cc:          Hon. Joseph A. Greenaway, Jr., U.S.D.J.
             File