## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                              :
441 PRODUCTIONS, INC. and MATT    :
MARANZ,                                       :
                                              :
           Plaintiffs,              :            Civil Action No. 06-2357 (JAG)
                                              :
              v.                    :            **ORDER**
                                              :            **CLOSED**
TONY DEROSA-GRUND, PROJO          :
TOURNAMENT SERIES, LLC[], and     :
MULTIMODAL MEDIA GROUP/            :
MERIDIAN PICTURES,                  :
                                              :
           Defendants.              :
_____:


**GREENAWAY, JR., U.S.D.J.**

On November 16, 2007, Magistrate Judge Madeline Cox Arleo signed a Report and

Recommendation ("Second R&R"), pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2),

recommending that this Court:  1) reinstate a previously entered Report and Recommendation,

dated January 22, 2007 ("First R&R"); 2) strike pro se Defendant Tony DeRosa-Grund's

("DeRosa-Grund") Answer and enter default judgment against him; and 3) enter default

judgment against Defendants Projo Poker Tournament Series, LLC ("Projo") and Multimodal

Media Group/Meridian Pictures ("MMG") as a sanction for failing to comply with discovery

obligations, and orders of the court.  (Second R&R 1, Nov. 16, 2007 (adopting First R&R).)  The

time for filing objections to the Second R&R expired on December 3, 2007, and no objections

were submitted.

1

A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review.  In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b).  This Court has reviewed the parties' submissions, as well as the First and Second R&Rs under the appropriate de novo standard, and agrees with the analysis and conclusion in the Second R&R.

In Hall v. Hollman, 265 F. App'x 135, 137 (3d Cir. 2008) (citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to enter default judgment against a defendant as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites.  Those factors include:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense."  Id.

Magistrate Judge Arleo considered these factors and concluded that:  (1) Projo and MMG were solely responsible for failing to communicate with the court and to comply with court orders; DeRosa-Grund was personally responsible for failing to appear at a court-ordered conference and hearing, and comply with other orders of the court; (2) Plaintiffs were prejudiced by Defendants' failure to appear and participate meaningfully in the case; (3) the record demonstrates a history of dilatoriness; (4) Defendants' pattern of non-compliance indicated a willful decision not to defend this case; (5) alternative sanctions were not appropriate; and (6)

while DeRosa-Grund filed an Answer, it is apparent that he, Projo, and MMG abandoned their defense of this action.  (First R&R 3, Jan. 22, 2007.)

Plaintiffs filed their Complaint against Defendants on May 24, 2006.  (See generally Compl.)  Defendants were all served on June 17, 2006.  (See Affs. of David B. Grantz, July 17, 2006.)  On July 17, 2006, Plaintiffs requested entry of default against Defendants, pursuant to FED. R. CIV. P. 55(a), as a result of Defendants' failure to answer, or otherwise respond to, Plaintiffs' Complaint.  (See generally Req. for Entry of Default.)  The Clerk of the Court for the United States District Court for the District of New Jersey ("Clerk of the Court") entered default on July 21, 2006.  However, on July 20, 2006, Defendant DeRosa-Grund filed an Answer on behalf of all Defendants.  (See generally Answer.)  Magistrate Judge Arleo vacated the entry of default against DeRosa-Grund, but advised him that corporate entities, such as Projo and MMG, must be represented by counsel.  (Letter Order, Aug. 18, 2006.)  The parties were ordered to appear for an initial conference on December 1, 2006, and to submit a joint discovery plan prior to the conference.  (Id.)  On November 28, 2006, Plaintiffs submitted their Proposed Discovery Plan and noted that DeRosa-Grund had ignored Plaintiffs' repeated efforts to discuss a joint discovery plan.  (See Letter from David B. Grantz, Attorney for Plaintiffs, to Magistrate Judge Madeline Cox Arleo (Nov. 28, 2006).)

On January 22, 2007, Magistrate Judge Arleo filed the First R&R.  She recommended that DeRosa-Grund's Answer be stricken and default be entered against all Defendants for failing to comply with various court orders.  (First R&R 4, Jan. 22, 2007.)  On February 3, 2007, DeRosa-Grund filed an objection[1] to the entry of default, but did not address any of the Poulis

---

[1] Defendants Projo and MMG did not respond to the First R&R.

factors set forth therein.  (See Objection to Entry of Default Against Individual Def. Tony

Derosa-Grund, Feb. 3, 2007.)  Despite DeRosa-Grund's failure to respond adequately to the First

R&R, Magistrate Judge Arleo provided him with another opportunity to comply with the court's

discovery orders.  She entered two orders requiring the parties to exchange Rule 26 disclosures,

and to appear for a deposition.  (See Order, May 18, 2007; see also Am. Scheduling Order, May

31, 2007.)

       DeRosa-Grund failed to comply with Magistrate Judge Arleo's orders.  As a result of

"DeRosa-Grund's failure to appear for numerous conferences scheduled before this Court, and

David B. Grantz, Esq. appearing on behalf of [P]laintiffs[,]" Magistrate Judge Arleo ordered

DeRosa-Grund to pay Plaintiffs' counsel's fees, pursuant to FED. R. CIV. P. 16(f), in the amount

of $278.  (Order, June 8, 2007.)  Magistrate Judge Arleo noted that the court would vacate the

First R&R if DeRosa-Grund paid Plaintiff's counsel's fees.  (Id.)  On June 20, 2007, Plaintiffs'

counsel advised the court that DeRosa-Grund failed to comply with the June 8, 2007 order.

(Letter from David B. Grantz, Attorney for Plaintiffs, to Magistrate Judge Madeline Cox Arleo

(June 20, 2007).)  Therefore, on July 13, 2007, Magistrate Judge Arleo entered an order requiring

DeRosa-Grund to show cause why the First R&R should not be reinstated.  (See generally Order

to Show Cause, July 13, 2007.)  In addition, the parties were ordered to appear for a conference

on August 7, 2007.  (Id.)  Plaintiffs' counsel and DeRosa-Grund both appeared.  (Second R&R 3,

Nov. 16, 2007.)

       On August 7, 2007, DeRosa-Grund still had not paid Plaintiffs' counsel's fees, provided

Rule 26 disclosures, or answered written discovery.  (Id.)  Magistrate Judge Arleo advised

DeRosa-Grund that:  1) the court would impose additional sanctions; 2) the court would not

vacate the First R&R until Plaintiffs' counsel's fees were paid; 3) DeRosa-Grund was barred from relying on any discovery documents for his own defense, and from propounding written discovery on Plaintiffs; and 4) DeRosa-Grund was required to provide responses to interrogatories, document requests, and Rule 26 disclosures by August 14, 2007.  (Id. at 4.) Magistrate Judge Arleo also stated that failure to comply with any of the court's orders would result in the adoption of the First R&R, which recommended entry of default judgment against all Defendants.  (Id.)

On August 28, 2007, DeRosa-Grund informed the court that he refused to comply with the orders.  (Letter from Tony DeRosa Grund, Defendant, to Magistrate Judge Madeline Cox Arleo (Aug. 28, 2007).)  As a result, Plaintiffs requested that the court reinstate the First R&R. (Cert. of David B. Grantz as to Noncompliance with Second Am. Scheduling Order 4, Aug. 29, 2007.)  On November 16, 2007, Magistrate Judge Arleo filed the Second R&R recommending that the First R&R be reinstated and adopted by this Court.  (Second R&R 1, Nov. 16, 2007.) The court attempted to inform Defendant DeRosa-Grund of the Second R&R; however, both regular mail and certified mail were returned as undeliverable.  (Certified Mail Receipt, Jan. 3, 2008.)  DeRosa-Grund is responsible for providing this Court with his current address, see Hall v. Holman, 265 F. App'x 135, 137 (3d Cir. 2008) (stating that the litigant bears the responsibility to keep the District Court "informed of his [own] wheareabouts"); therefore, his failure to provide such information has no affect on this Court's disposition of the case.

This Court concludes, based on the application of the Poulis factors to the facts sub judice, that the proper remedy is to strike DeRosa-Grund's Answer, and enter default and default judgment against him.  Similarly, this Court applies the same analysis to Defendants Projo and

MMG, who both failed to defend this action.[2]  Therefore, in adopting Magistrate Judge Arleo's Second R&R, this Court enters default judgment against Projo and MMG.

IT IS on this 18th day of August, 2008,

ORDERED that Magistrate Judge Arleo's Second R&R, dated November 16, 2007, is adopted as the opinion of this Court; and it is further

ORDERED that Defendant DeRosa-Grund's Answer is stricken from the record; and it is further

ORDERED that default be entered against Defendant DeRosa-Grund; and it is further

ORDERED that default judgment be entered in favor of Plaintiffs and against Defendants Tony DeRosa-Grund, Projo Parker Tournament Series, LLC, and Multimodal Media/Meridian Pictures; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[2] Plaintiffs made their second request for entry of default against Defendants Projo and MMG on September 25, 2006.  (See Aff. of David B. Grantz in Support of Entry of Default, Sept. 25, 2006.)  The Clerk of the Court entered default against them on September 26, 2006.